**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 7:20-cv-302 |
| | § | Jury |
| 14.421 ACRES OF LAND, MORE OR LESS, SITUATE IN STARR COUNTY STATE OF TEXAS; AND ALFONSO E. MARGO, ET AL., | § | |
| | § | |
| *Defendants* | § | |

---

## ANSWER TO COMPLAINT IN CONDEMNATION

---

Defendants Alfonso E. Margo, Frederick J. Margo, Richard L. Margo, and Virginia Gail (Margo) Jones (collectively, the "Margos") are all of the owners (each in a fee-simple, undivided one-fourth share) of the entirety of the land taken or sought to be taken by the plaintiff, the United States of America (hereinafter, the "Government"), in its Complaint in Condemnation herein, such land being more fully described in Schedule "C" of that Complaint. Subject to and without waiving their Motion to Dismiss under Rule 12(b)(6), the Margos answer the Government's Complaint as follows:

1. Paragraph 1 of the Complaint is only a general description of the nature of this action; therefore, it does not require a response.

2. The Margos admit that the Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. §1358.

3. The Margos deny that, "The interest in property taken herein is under and in accordance with the authority set forth in Schedule "A" [of the Complaint]." The Margos further state, as affirmative defenses, that such taking is in violation of the United States Constitution and of statutes and regulations of the United States, to wit:

(a) The taking in this action is an integral part of a vast project by the Government to erect a continuous barrier along the entire length of the U.S. - Mexico border. Most or a substantial portion of the money that the Government intends to use to pay for this project consists of funds that Congress appropriated for other designated purposes, not for border wall construction. By presidential executive order, however, the Government has transferred those funds from the specified purposes and agency budgets for which they were appropriated by Congress into the Government's unrelated border wall project. These transfers by executive order of funds appropriated for other purposes violate Article I, Sections 1, 8 (cls. 1 and 18), and 9 (cl. 7) of the U.S. Constitution, 31 U.S.C. §1301(a), and 31

U.S.C.§1341(a)(1)(A)-(B). As a legal and practical matter, these unappropriated, transferred funds cannot be segregated from the funds that Congress did appropriate for border wall construction because all of such funds, whether lawfully appropriated or unlawfully transferred, are being used for exactly the same project and purpose: to construct a barrier along the entire U.S.– Mexico border. The Margos do not have sufficient information to admit or deny the Government's allegation as to the source of the funds for the taking in their particular case, but the source of such funds does not matter because they are commingled in the same border wall construction project with unappropriated, unlawfully transferred funds. Therefore, the condemnation and taking described in the Government's Complaint are unconstitutional and unlawful.

(b) The taking that is the subject of this condemnation action, as well as the filing of this action by the Government, were not lawfully authorized by the Acting Secretary of the U.S. Department of Homeland Security and therefore could not lawfully have been authorized by the Acting Secretary's designee. This is because neither the purported Acting Secretary, Chad Wolf, nor his predecessor as Acting Secretary, Kevin McAleenan, were lawfully appointed to the office of Acting Secretary and thus were not lawfully serving in that capacity at the time that the subject taking was purportedly authorized by one or the other of them or by their designee or at the time that this condemnation action was filed. Therefore, the taking

that is the subject of this condemnation action, as well as the filing of this action, were *ultra vires*, unlawful acts and are void.

(c) The requirements of Subpart B, Part 24, Subtitle A of Title 49 of the U.S. Code of Federal Regulations apply to “any acquisition of real property for a direct Federal program or project...” 49 C.F.R. §24.101(a). One of those requirements states that the Government “*shall* make *every reasonable effort* to acquire the real property expeditiously by *negotiation*.” (emphasis added). 49 C.F.R. §24.102(a). At no time prior to the filing of its Complaint in Condemnation and Declaration of Taking did the Government make any reasonable effort to acquire the subject property by negotiation. Also among the requirements of Subpart B is the requirement that the Government “shall establish an amount which it believes is just compensation for the real property,” which “shall not be less than... the fair market value of the property, taking into account the value of any allowable damages...to any remaining property.” 49 C.F.R. §24.102(d). The amount of “just compensation” alleged in the Government’s Complaint ($39,139.00) is unjustly low; it is far less than the fair market value of the subject property and far less per acre than what the Government has offered for nearby, less valuable property that the Government has sought to acquire for the same border wall project. Moreover, such alleged “just compensation” does not take into account the amount of the damages to the Margos’ remaining property on the north and south (“riverside remainder”) sides of the Government’s taking. Nor does the Government’s proposed amount of compensation take into consideration the extensive

portions of Margos' underground irrigation system located within such taking and which will have to be removed and replaced. Therefore, the Government knew or should have known that its offer of compensation was unjust. Yet another requirement of Subpart B is that the Government make reasonable efforts to discuss its purchase offer with the property owner, "including the basis for its offer," and the Government must give the owner a "reasonable opportunity to consider the offer." 49 C.F.R. §24.102(f). In this case the Government did none of those things prior to filing its Complaint in Condemnation and Declaration of Taking. For example, the Government did not provide the Margos with a copy of its appraisal report and underlying data, if any. This prevented the Margos from evaluating whether the Government's offer of compensation met the "criteria for appraisals" set forth in 49 C.F.R. §24.103(a)(2)(iii)-(iv). Nor did the Government provide a breakdown of the amounts, if any, included for damages to the Margos' remaining property, much less an explanation of how the amounts of such damages were determined. Additionally, the Government failed to provide sufficient construction details regarding such matters as, the likely need to remove and replace significant portions of the Margos' underground irrigation system within the subject taking, maintaining existing surface drainage flow through the subject taking, size and location of access gates to the Margos' riverside remainder (where their irrigation system pump is located), and possible disruption and resulting losses to farming operations during wall construction. Due to the Government's unwillingness or inability to provide such requested information in a timely manner, the Margos were not

allowed a reasonable opportunity to evaluate the Government's offer of compensation prior to the filing of this action.[1]

(d) As more fully set forth in the Margos' Motion to Dismiss under Rule 12(b)(6), the Government's Complaint in Condemnation fails to state a claim upon which relief can be granted. According to Schedule "A" of the Government's Complaint in Condemnation, the Government's statutory authorization for the subject taking is 8 U.S.C. §1103(b). Subsection (1) of Section 1103(b) limits that condemnation authority to land "adjacent to or in the vicinity of an international *land* border..." (emphasis added). As shown in Schedules "D" and "E" of the Government's Complaint, the international border in the vicinity of the subject taking runs along and within the channel of the Rio Grande. The Court may take judicial notice that the Rio Grande is a permanently flowing river (of water) at that location. Therefore, the international border adjacent to or in the vicinity of the subject taking is a *water* border, not a *land* border, which means that the Government lacks any legal authority to condemn the subject property.

4. The defendant Margos admit that the Government's stated "public purpose" for taking the subject property is to construct, *inter alia*, a border wall "designed to help secure the United States/Mexico border within the State of Texas." The Margos have

[1] The comments appended to Subpart B state, with regard to basic negotiation procedures under Section 24.102(f), "Agencies must allow owners time for analysis, research and development, and compilation of a response ... Regardless of project time pressures, property owners must be afforded this opportunity."

insufficient information to admit or deny whether some or all of the structures that the Government intends to place within the subject taking are, in fact, designed to " help secure the U.S./Mexico border" or whether any of such structures will, in fact, accomplish that.

5. The defendant Margos admit that the legal description and plat of land in Schedules "C" and "D" of the Government's Complaint appear to be correct, but the Margos do not have sufficient information, and have not had an adequate opportunity, to independently verify the accuracy of Schedules "C" and "D."

6. The defendant Margos admit that Schedule "E" of the Government's Complaint sets forth the interest that the Government seeks to take in the subject property, but, for the reasons set forth in Paragraph 3, above, the Margos deny that the Government has the right to take any interest in that property.

7. The defendant Margos deny that the amount alleged to be "just" compensation in Schedule "F" of the Government's Complaint ($39,139.00) is "just." The defendant Margos further deny that the stated amount of such compensation is legally sufficient.

8. The defendant Margos admit that the information set forth in Schedule "G" of the Government's Complaint appears to be correct, except they deny that the Starr County Tax Assessor–Collector has any "claim or interest" at this time in the subject property.

9. The defendant Margos deny that any local or state taxing authorities have any claim or interest at this time in the subject property, and the Margos further deny that any taxes and assessments are "due and eligible [sic]" on the subject property.

*Request for Relief*

The defendant Margos request that the Government's Complaint In Condemnation be dismissed with prejudice and that the Government's Declaration of Taking be declared void. In the alternative, the Margos request that this action be abated and that the Government be denied possession of the subject property until such time as the Government has fully complied with all of the requirements of Subpart B of Part 24, Subtitle A of Title 49 of the Code of Federal Regulations, as set forth above. If this action proceeds to trial on the amount of compensation, the Margos request that they have judgment against the United States of America for the full amount of compensation, including damages, to which they lawfully are entitled, prejudgment and post-judgement interest at the maximum rate(s) allowed by law, costs, and such other legal and equitable relief to which they may show themselves to be entitled.

*Jury Demand*

Each of the defendant Margos requests a trial by jury.

Respectfully submitted,

/S/ Roger Reed
Roger Reed

S.D. Tex. Bar No.: 6407
State Bar of Texas Bar: 16687200

**LAW OFFICE OF ROGER REED**
3900 N. 10th St., Suite 850
McAllen, Texas 78501

Tel.: (956) 631-9119
Fax: (956) 631-9187

E-mail: rreed@rhr-lawfirm.com

Attorney-in-Charge for Defendants Alfonso E. Margo, Frederick J. Margo, Richard L. Margo, and Virginia Gail (Margo) Jones

**CERTIFICATE OF SERVICE**

On November 30, 2020, the foregoing Answer was served on the Attorney-in-Charge for the plaintiff United States of America in accordance with the Federal Rules of Civil Procedure.

/S/ Roger Reed